NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1722
_____


KEVIN ANTHONY MARSH,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA


_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA-1 : A060-010-154
Immigration Judge: Pallavi Shirole
_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 23, 2025

Before: HARDIMAN, AMBRO, and SMITH, *Circuit Judges*


_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

I.

Kevin Marsh seeks review of a Board of Immigration Appeals decision denying his motion to reopen his final removal order.[1] We will dismiss in part and otherwise deny the petition on procedural grounds.

II.

Marsh is a Jamaican citizen who came to New York as a conditional resident in 2008, eventually becoming a permanent resident in 2010. In May 2019, Marsh pled guilty to a 2017 drug offense in violation of New Jersey Code Annotated §§ 2C:35-5a(1) and 2C:35-5b(10)(b) and was sentenced to three years in prison. Shortly after completing his sentence, the Department of Homeland Security issued a Notice To Appear charging him with removability under 1) 8 U.S.C. § 1227(a)(2)(B)(i), as a non-citizen convicted of a controlled substance offense; and 2) 8 U.S.C. § 1227(a)(2)(A)(iii), as a non-citizen convicted of an aggravated felony.

We include only a brief summation of the procedural events. Marsh retained Stephanie Norton to represent him in the immigration proceedings. Norton appeared before the Immigration Judge and contested Marsh's removability based on the theory that his conviction was not a categorical match for either charge of

---

[1] This Court has jurisdiction over the petition for review under 8 U.S.C. § 1252(a)(1), (a)(2)(D). *See Kucana v. Holder*, 558 U.S. 233, 250 (2010) (affirming that courts of appeals "retain jurisdiction to review" the Board's decisions on motions to reopen).

removability because the New Jersey statute categorized more drugs as controlled substances than federal law and was indivisible as to the identity of the substance. The IJ sustained the removability charges and ordered Marsh to be deported to Jamaica. The Board affirmed the IJ's decision in a final ruling on July 19, 2021.

On July 28, 2021, Marsh filed a pro se petition for review with our Court appealing the Board's dismissal. Norton also filed a motion to reconsider with the Board on August 18, 2021, for Marsh. On August 24, 2022, the Board denied the motion.

In September 2022, Norton realized she could have argued before the IJ that the New Jersey definition of marijuana at the time of conviction was broader than the federal definition of marijuana, i.e. a "hemp overbreadth" argument. To correct her oversight, she helped Marsh draft and file a Rule 28(j) letter to this Court explaining the new argument. On February 14, 2023, we deemed the argument unexhausted and denied the petition for review.

On June 16, 2023, represented by new counsel, Marsh filed a motion to reopen with the Board asserting that Norton had provided him ineffective assistance of counsel by overlooking the hemp overbreadth argument. The Board denied Marsh's motion on March 22, 2024. It concluded that the motion was untimely because it was "filed more than 90 days after we dismissed the underlying administrative appeal" in violation of 8 U.S.C § 1229a(c)(7)(C)(i). AR 003. It also determined that

3

Marsh was not entitled to equitable tolling and had failed to meet the procedural requirements for an ineffective assistance of counsel claim. Finally, the Board refrained from reopening the case *sua sponte* because there were no "exceptional" circumstances as required under 8 C.F.R. § 1003.2(a).

III.

Before us, Marsh asserts that the Board erred by finding that his motion to reopen was untimely and procedurally defective. We turn first to Marsh's equitable tolling argument. Notably, without a determination that tolling should be applied, Marsh missed the 90-day filing deadline by over a year.

There are two substantive requirements that must be met before we can apply equitable tolling: "(1) that [a petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

We need not consider the first requirement, Marsh's diligent pursuit of his rights, because he clearly fails to satisfy the second. Ineffective assistance of counsel can indeed be an extraordinary circumstance for purposes of equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010). But the requirement was not met here

4

because Marsh failed to comply with the procedural steps a non-citizen must take to use an ineffective assistance of counsel claim to equitably toll a deadline.[2]

To bring an ineffective assistance of counsel claim, a non-citizen must comply with three procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637, 638–40 (BIA 1988). *Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001). A non-citizen must 1) include an affidavit attesting to the relevant facts; 2) inform former counsel of the allegations and provide counsel with the opportunity to respond; and 3) state whether a complaint has been filed against the prior attorney with the appropriate disciplinary authority and "if not, why not." *Id.* at 639.

Marsh failed to complete the second *Lozada* requirement as he gave Norton only *one day* to respond to his pending motion to reopen, a timeline he himself admits was insufficient. And his claim that the defect is of no moment because the purposes of the *Lozada* requirements were met is unpersuasive. This was not a mere technical lack of compliance; it was a complete failure to provide Norton with any chance to tell her side of the story.

Marsh also asserts that the Board erred by declining to reopen proceedings *sua sponte* and failing to provide a detailed reason for its decision. But the Board's

---

[2] Even if Marsh had satisfied the procedural requirements to bring an ineffective-assistance claim, he likely was not prejudiced by the purported error because his argument is effectively foreclosed by the Supreme Court's decision in *Brown v. United States*, 602 U.S. 101 (2024). Marsh himself concedes that "[u]nfortunately, [his] case is factually similar to that of *Brown* . . . ." Appellant's Br. 33.

decision to *decline* to reopen proceedings *sua sponte* is "functionally unreviewable" by us because of the Board's "essentially unlimited" discretion in this area. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651, 655 (3d Cir. 2017). So we will dismiss this part of Marsh's petition for review because we lack jurisdiction over it. *Id.* at 656.

For the foregoing reasons, we will otherwise deny the petition for review.